UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JUAN CARLOS MEJIAS,            : | |
|     Plaintiff            : | |
|                                : | |
| v.                             : | C.A. No.: |
|                                : | |
| JACKY'S GALAXIE, INC.,          : | |
| JACKY'S GALAXIE PROVIDENCE, INC., : | |
| and JOHN DOES, 1 through 10, inclusive, : | |
|     Defendants           : | |

## COMPLAINT

### I.  Introduction

1. This is an action brought by Plaintiff against Defendants seeking compensatory and liquidated damages, as well as attorneys' fees, litigation expenses and other equitable relief, arising out of the unlawful failure to pay overtime compensation owed to Plaintiff in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Rhode Island Minimum Wage Act, R.I.G.L. §28-12-1, *et seq.* ("RIMWA").

### II.  Parties

2. Plaintiff Juan Carlos Mejias is a resident of the City of Providence, County of Providence, State of Rhode Island, and was an employee, within the meaning of 29 U.S.C. §203(e)(1) of the FLSA and the RIMWA, employed by the Defendants.

3. On information and belief, Defendant Jacky's Galaxie, Inc. is a domestic for-profit corporation that maintains a regular place of business in the Town of Cumberland, County of Providence, State of Rhode Island.

4. On information and belief, Defendant Jacky's Galaxie Providence, Inc. is a domestic for-profit corporation that maintains a regular place of business in the City of Providence, County of Providence, State of Rhode Island.

5. On information and belief, at all times relevant to this action, Defendants John Does, 1 through 10, inclusive, were directors, managers, officers and/or employees of Defendants Jacky's Galaxie, Inc. and/or Jacky's Galaxie Providence, Inc. and are sued in their individual and official capacities.[1] Defendant John Does, 1 through 10, inclusive, have acted, at all times material herein, directly and indirectly in the interest of Defendants Jacky's Galaxie, Inc. and/or Jacky's Galaxie Providence, Inc. relative to their respective employees and were, and are, therefore, employers of the Plaintiff within the meaning of the FLSA and the RIMWA.

6. At all relevant times, Defendants were engaged in the stream of interstate commerce, and were Plaintiff's employer within the meaning of 29 U.S.C. §203(d); *also see Dole v. Elliott Travel & Tours, Inc*., 942 F.2d 962, 965 (6th Cir. 1991), *and cases cited therein*.

7. Defendants Jacky's Galaxie, Inc. and/or Jacky's Galaxie Providence, Inc. are and, at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose, and they are and, at all times hereinafter mentioned, were an enterprise with the meaning of 29 U.S.C. 203(r).

8. At all times hereinafter mentioned, Defendants employed the Plaintiff in certain activities of said Defendant enterprises, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced in commerce.

9. Said Defendant enterprises, at all times hereinafter mentioned, individually or collectively, had annual gross volume of sales made or business done in the amount of not less than $500,000.00. Therefore, the Plaintiff has been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 203(s).

---

[1] The Plaintiff will amend his Complaint to set forth the names and capacities of these unknown Defendants when ascertained.

### III. Jurisdiction

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1367, 2201 and 2202 and 29 U.S.C. §216(b).

### IV. Venue

11. Venue is proper in this Court insofar as the Defendants are doing business in Rhode Island and therefore are deemed to reside in the District of Rhode Island, in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Material Facts

12. The Plaintiff worked at Defendants Jacky's Galaxie, Inc. and/or Jacky's Galaxie Providence, Inc. (hereinafter collectively referred to as "Jacky's") from November, 2012 until May, 2014 as a busboy.

13. Throughout his employment, the Plaintiff was paid $250.00 per week plus gratuities.

14. Beginning in May, 2013, the Defendants required the Plaintiff to work hours in excess of forty (40) hours in various workweeks without overtime pay.

15. The FLSA and the RIMWA require employers to pay their employees at a rate not less than one and one-half times (1 ½) their regular rate of pay for all hours worked in excess of forty (40) in any one (1) workweek. 29 U.S.C. §207(a)(1); R.I.G.L. §28-12-4.1.

16. The FLSA and the RIMWA exempt certain "bona fide executive, administrative, or professional" from its minimum wage and overtime provisions. 29 U.S.C. §213(a)(1); *see also* R.I.G.L. §28-12-4.3. The exempt or nonexempt status of any particular employee is determined on the basis of whether the employee's salary and duties meet the requirements of the U.S. Department of Labor wage and hour regulations. 29 C.F.R. §541, *et seq.*

17.     The Plaintiff's primary duties were not of "such substantial importance to the management or operation of the business that [they] can be said to be 'directly related to management policies or general business operations[,]'" so as to satisfy the first prong of the duties test.  29 C.F.R. §541.205(c)(2).

18.     Nor did Plaintiff's primary duties require the exercise of discretion and independent judgment, with respect to "decisions normally made by persons who formulate policy within their spheres of responsibility or who participate in this process or who exercise authority to commit the employer in a *substantial* respect, financial or otherwise," so as to satisfy the second prong of the duties test.  29 C.F.R. §541.207(d)(2)(emphasis added).

19.     Despite the fact that Plaintiff was a non-exempt employee, Defendants failed to pay the Plaintiff overtime premiums on numerous workweeks as required by the FLSA and the RIMWA.

20.     Defendants have willfully, recklessly, and repeatedly violated the provisions of the FLSA and the RIMWA by employing the Plaintiff for workweeks longer than forty hours (40) without compensating him for his employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times his regular rate at which he was employed.

21.     As a proximate result of Defendants' discriminatory acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income, severe mental and physical anguish, pain and suffering, loss of enjoyment of life, and other great harm.

### VI.     Claims for Relief

22. The Plaintiff incorporates the allegations contained in ¶¶1 through 22 above in the counts set forth below.

### Count One
### Violation of FLSA, 29 U.S.C. §201, *et seq.*

23. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay the Plaintiff overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b).

### Count Two
### Violation of the RIMWA, R.I.G.L. 28-12-1, *et seq.*

24. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing or refusing to pay the Plaintiff overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-14-19.2 and/or other applicable law.

### VII.   Prayers for Relief

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

1. a declaratory judgment declaring that the Defendants willfully violated the overtime payment requirements under the FLSA and the RIWPA in the manner complained of herein;

2. in the alternative, a declaratory judgment declaring that the Defendants violated the overtime payment requirements under the FLSA and the RIMWA in the manner complained of herein;

    3.    an award of compensatory damages, plus pre-judgment interest thereon;

    4.    an award of liquidated damages pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2(a);

    5.    an award of reasonable attorneys fees and costs of litigation pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2(a);

    6.    an award of other appropriate equitable relief pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2(a); and,

    7.    an award of such other and further relief as this Honorable Court deems just and proper.

## VIII.  Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## IX.  Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, as trial counsel.

                                    **PLAINTIFF,**
                                    By his attorneys,
                                    **FORMISANO & COMPANY, P.C.**

                                    /s/ V. Edward Formisano
                                    V. Edward Formisano (#5512)
                                    100 Midway Place, Suite 1
                                    Cranston, RI 02920-5707
                                    Phone:     (401) 944-9691
                                    Facsimile: (401) 944-9695

**Dated:  November 10, 2014**